# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYARRL JONES,

    **Plaintiff,**

v.                                                    Case No. 20-CV-1074

ANGELA THOMPSON, *et al.*,

    **Defendants.**

# ORDER

On February 11, 2022, defendant Christopher Tuveson filed a motion for summary judgment on the merits. (ECF No. 53.) On February 16, 2022, the court issued a notice and order informing plaintiff Tyarrl Jones that he had until March 14, 2022, to file a response to Tuveson's summary judgment motion. (ECF No. 59.) The court cautioned Jones that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by Tuveson as undisputed.

On March 22, 2022, defendants Cindy Barter, William Borgen, Sheri Klenke, Kira Labby, and Angela Thompson (State Defendants) filed a motion for summary judgment on the merits. (ECF No. 64.) That same day, the court issued a notice and order informing Jones that he had until April 21, 2022, to file a response to the State Defendants' motion. (ECF No. 72.) The court again cautioned Jones that, if by

that date he did not respond or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the State Defendants as undisputed.

Both deadlines have passed and Jones has not filed a response to either motion. As such, the court will construe the motions as unopposed. The court has reviewed the defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that both the State Defendants and Tuveson are entitled to summary judgment on the merits. Accordingly, the defendants' motions are granted, and the claims are dismissed.

**IT IS THEREFORE ORDERED** that Tuveson's motion for summary judgment (ECF No. 53) and the State Defendants' motion for summary judgment (ECF No. 64) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from

judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 9th day of May, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge